101 F.3d 687
 8 NDLR P 128
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Leonard F., Plaintiff-Appellant,
v.
ISRAEL DISCOUNT BANK OF NEW YORK, Respondent-Appellee.
 No. 95-6420.
 United States Court of Appeals, Second Circuit.
 June 13, 1996.
 
 Appeal from the United States District Court for the Southern District of New York (Brieant, Judge).
 Robert L. Schonfeld, Stein & Schonfeld, Garden City, NY, for appellant.
 Paula Feinberg, Law Office of Theodore D. Itzkowitz, New York, NY, for appellee.
 Samuel A. Marcosson, Equal Employment Opportunity Commission, Washington, DC, for amicus curiae equal Employment Opportunity.
 S.D.N.Y.
 VACATED.
 Before VAN GRAAFEILAND, WALKER and LEVAL, Circuit Judges.
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York and was argued by counsel.
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court is hereby VACATED AND REMANDED.
 
 
 1
 Plaintiff-Appellant Leonard F., a fifty-one year old with mental disabilities, brought an action against his former employer, Defendant-Appellee Israel Discount Bank of New York (the "Bank"). Leonard F. alleges that the Bank was, and continues to be, in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 23222 et seq., because the Bank's long-term disability insurance policy (provided by the Metropolitan Life Insurance Company) discriminates against persons with mental disabilities. Under the policy, those suffering from mental disabilities are entitled to receive benefits for two years whereas those suffering from physical disabilities are entitled to receive benefits until they reach age sixty-five (or are no longer disabled). Leonard F. claims that the relatively limited coverage afforded to those suffering from mental disabilities violates the ADA because there is no actuarial basis for the disparate treatment.
 
 
 2
 The district court dismissed the action, reasoning that the case was not ripe for adjudication and therefore the district court lacked subject matter jurisdiction over the action. The district court declined to rule on a motion to dismiss for lack of standing, in which the Bank argued that Leonard F. is not a "qualified individual with a disability" within the meaning of the ADA.
 
 
 3
 In determining whether a case is ripe for adjudication, we employ the analysis set forth by the Supreme Court in Abbott Laboratories v. Gardner, 387 U.S. 136 (1967), and look to two factors: (1) "the fitness of the issues for judicial decision" and (2) "the hardship to the parties of withholding court consideration." Id. at 149. Inquiry into each of these factors in the context of a particular case is necessarily fact-intensive. Here, the district court made the determination that the issue was not ripe for adjudication sua sponte and relied on assumptions with no factual basis in the record. The court stated its reasons for dismissing for lack of ripeness as follows:
 
 
 4
 this issue ... may well turn out to be a moot case if, as we certainly hope, and it is certainly highly possible, Mr. F[.], before he exhausts his benefits, recovers from the trauma from having worked at the bank, recovers from the effect of the stress in connection with the job and moderates his feelings of depression by taking the appropriate medication as prescribed by physicians to many, many people in the job market who find themselves suffering with occasional or chronic depression.
 
 
 5
 The district court declined Leonard F.'s offer to submit briefing on the issue of ripeness.
 
 
 6
 The district court's conclusion that Leonard F. was likely to recover from his disability within the two year coverage of the disability policy was based on surmise without evidence. We therefore vacate this finding. The complaint described Leonard F.'s condition as "acute," "chronic," and of "long duration." It also alleged that the Bank's policy "will cause substantial financial harm to Leonard F. and will result in his inability to pay for housing, therapy and medical expenses." In view of the fact that Leonard F.'s disability has continued, apparently unabated, since the district court issued its ruling and now only disability benefits, there seems to be little reason at this point to question ripeness.
 
 
 7
 In addition, the present impact on Leonard F., in the form of having to restructure his financial affairs in the face of an impending cut-off of benefits, is at least arguably quite real. See Riva v. Commonwealth of Massachusetts, 61 F.3d 1003, 1012 (1st Cir.1995) ("[P]eople must nail down their plans for financial security in their golden years.... [T]he most immediate harm to [one whose benefits are at risk] comes in the form of an inability prudently to arrange his fiscal affairs. If [he] anticipates that his benefits will not be reduced, and guesses wrong, he may find himself inadequately prepared to subsist.... Conversely, if he may needlessly deprive himself.... We believe that this uncertainty ... show[s] that [he] is suffering a sufficient present injury to satisfy the second prong of the Abbott Labs. paradigm.") As we have previously acknowledged, courts may consider cases even where the consummation of the threatened injury has not yet occurred. See Volvo North Am. Corp. v. Men's Int'l Professional Tennis Council, 857 F.2d 55, 63 (2d Cir.1988) ("In consideration, a court must be mindful that one does not have to await the consummation of threatened injury to obtain preventive relief. If the injury is certainly impending, that is enough.") (internal quotations omitted). After all, "[i]n some instances, 'the prospect or fear of future events may have a real impact on present affairs' such that a preemptive challenge is ripe." Id. (quoting 13A Charles A. Wright, et al., Federal Practice and Procedure § 3532.2, at 143); see also Riva, 61 F.3d at 1011 (finding challenge to benefits program ripe where reduction in benefits was distant in time but highly probable and noting that degree of contingency, the [policy] may impose sufficiently serious collateral injuries that an inquiring court will deem the hardship component satisfied.").
 
 
 8
 Accordingly, we vacate the district court's order of dismissal and remand for further proceedings.